# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-10882

United States Court of Appeals
Fifth Circuit

**FILED**
August 11, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CASEY ROSE,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CV-685
USDC No. 3:14-CR-367-26

Before JONES, STEWART, and COSTA, Circuit Judges.

PER CURIAM:*

Following a jury trial, Casey Rose, federal prisoner # 48743-177, was convicted of drug-trafficking, conspiracy to commit drug-trafficking, and possession of a firearm by a felon and was sentenced to life imprisonment. The district court denied his 28 U.S.C. § 2255 motion in part on procedural grounds and in part on the merits without holding an evidentiary hearing. Rose now seeks a certificate of appealability (COA).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10882

If his COA brief is liberally construed, Rose renews his claims that his Sixth Amendment right of confrontation was violated when his cross-examination of Government witness Brandon Crow was terminated, that appellate counsel was ineffective in failing to raise the claim, that his trial attorneys were ineffective in failing to investigate his mental health and request a competency hearing, and that the trial court erred in failing to conduct a competency hearing sua sponte. He additionally argues that the district court should have held an evidentiary hearing on his incompetency claims. However, Rose briefs no argument renewing his claims that his due process rights were violated when he was prevented from pointing out discrepancies in his videotaped confession and when the Government failed to correct perjured testimony or that trial counsel was ineffective in failing to investigate possible defenses or in acting as standby counsel. Those claims are therefore abandoned. *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999); *see also Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

This court will grant a COA, which is required to appeal, only when the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To make that showing, Rose must establish that reasonable jurists would find the decision to deny relief debatable or wrong, *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that the issue he presents deserves encouragement to proceed further, *see Miller-El*, 537 U.S. at 327.

Rose has not made the requisite showing. *See Miller-El*, 537 U.S. at 327; *Slack*, 529 U.S. at 484. His motion for a COA is therefore denied. We construe the motion for a COA with respect to the district court's failure to hold an evidentiary hearing as a direct appeal of that issue, *see Norman v. Stephens*, 817 F.3d 226, 234 (5th Cir. 2016), and affirm.

COA DENIED; AFFIRMED.

2